# MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff from the class Action are in pursuant to 28 U.S.C. §1915 request this court to appoint counsel to represent petitioner in the above entitled action for the following reasons:

In deciding whether to appoint counsel for an indigent litigant, the District Court of Delaware articulated standards for evaluating a Motion for Appointment of Counsel Filed by a pro se plaintiff. See Green vs. FCM, 430 F.Supp.2d 383, 387 n.3 (D.Del. 2006)(citing Tabron vs. Grace, 6 F.3d 147 (3rd Cir. 1993) and Parham vs. Johnson, 126 F.3d 454 (3rd Cir. 1997). Initially, the court must examine the merits of a plaintiff's claim to determine whether it has some arguable merit in fact and law. See Parham, 126 F.3d at 457 (Citing Tabron, 6 F.3d 157); accord Maclin vs. Freake, 65 F.2d 885, 887 (7th Cir. 1981)(per curiam)(cited with approval in Tabron and Parham). Only if the court is satisfied that the claim is factually and legally meritorious, should it then examine the following factors: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues presented; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and the plaintiff's ability to pursue such an investigation; (4) the degree to which the case may turn on credibility determination; (5) whether the testimony of expert witness will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf.

In support of this motion, the plaintiff avers the following:

1. The plaintiff does not have the ability to present his own case.

2. The plaintiff is unskilled in the law and the complexity of the legal issues presented in the complaint is beyond plaintiff's abilities to pursue an effective investigation.

3. The plaintiff avers that the case may turn on credibility determination.

4. The plaintiff avers that testimony of expert witness will be necessary.

5. The plaintiff can not attain and afford counsel on his own behalf.

6. Appointment of counsel would serve "the best interest of Justice" in this case.

7. The plaintiff's allegations if proved, clearly present a constitutional violation because;

(1)

## MOTION FOR APPOINTMENT OF COUNSEL

A class action that was brough on behalf of the Delaware correctional center inmates seeking declaratory injunctive relief concerning conditions of confinement, inmates rights to adequate recreation, food and sanitation, personal safety, due process access to the courts were violated. All of which were 'Proscribed by Cruel and unusual Punishment' and exposing the Eighth and fourteenth Amendments constitution. See... Carver vs. Knox County. Tenn 753 F. Supp. 1370 (1989) also see... French vs. Owens 777 F.2d.1250 C.A. 7 (IND 1985).

    The many class members are illiterate or poorly educated or have little access to lawyers which should weigh in favor of class certification. See... United States ex rel. Sero vs. Preiser, 506 F.2d 1115, 1126 (2d Cir. 1974) cert. denied, 421 U.S. 921 (1975); Leyva Vs. Buley, 125 F.RD 512, 515 (E.D. Wash. 1989).

    There is common issues of law and fact as to all the class members, and the existence of some factual variations. See... Gomez vs. Illinois state Board of Education, 117 F.R.D 394, 399 (N.D. Ill. 1987).

    The claims of defenses of the representative parties are typical of the fact that some class members might choose not to assert their rights does not mean that the named Plaintiff's claims are not typical, nor does the existence of other factual variations. See... Hassine Vs. Jeffes, 846 F.2d 169, 177 (3d Cir 1988).

    The representative parties must fairly and adequately protect the interest of the class, which could be too complex for a Pro-se Prisoner to handle, that complexity ought to support appointment of counsel. See... Nilsson Vs. Coughlin, 670 F. Supp. 1186, 1191 (S.D.N.Y. 1987).

    For the foregoing reasons, the Plaintiffs' have provided the court with sufficient foundation for the court to appoint counsel in this case.

(3)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1). JOHN C. JOHNSON         279192
(2). WILLIAM GREGORY         411406
(3). DAYMIEN J. ROBERTS      374421
(4). BAYANT BANKS            218687
(5). RONALD F. BROOKS        294765
(6). CARLOS JACKSON          273677
(7). FENEL BAINE             450212
(8). JOHN FOLKS              126234
(9). BRANDON OWENS           501783
(10). CHRIS ROGERS           308180
(11). MICHAEL L. JONES       417267
(12). JAMES CAULK            293676
           PLAINTIFF,

Civil Action No. _____

VS.

(1). CARY DANBURG
(2). RICK KEARNEY
(3). PERRY PHELPS
(4). MICHAEL COSTELLO
(5). MICHAEL LITTLE
(6). RONALD HOSTERMAN
           DEFENDANT.

## ORDER

IT IS HEREBY ORDERED, THIS 21st DAY OF August 2008, THAT THE ATTACHED MOTION FOR APPOINTMENT OF COUNSEL HAS BEEN READ AND CONSIDERED. IT IS ORDERED THAT THE MOTION IS HEREBY

_____
United States District Court Judge

(4)

# CERTIFICATE OF SERVICE

I, JOHN C. JOHNSON CLASS COUNSEL, Hereby cerify that I and the class have served a true and correct cop(ies) of the attached: Class action complaint by a Prisoner under Civil Rirght ACT, 42 U.S.C. § 1983 upon the following parties/person(s):

To: Clerk Office
U.S. District court
Lockbox 18
844 N. King Street
Wilmington, Del. 19801

To: Attorney General office
Deptment of Justice
Carvel State Building
820 N. French Street
Wilmington, Del. 19801

To: Carl Danberg
Commissioner's office
245 McKee Road
Dover, Delaware 19904

To: Rick Kearney
Bureau Chief's office
245 McKee Road
Dover, Delaware 19904

To: Perry Phelps
Warden's office
Delaware Correctional center
1181 Paddock Road
Smyrna, Delaware 19977.

To: Michael Costello
Security Superintendant
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977.

To: Michael Little
Legal Services Administrator
Delaware Correctional center
1181 Paddock Road
Smyrna, Delaware 19977.

To: Ronald Hosterman
Treatment Administrator
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977.

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, Delaware 19977.
ON THIS 21st. DAY OF August, 2008.

(1) John C. Johnson #279193
(2) William Gregory #411406
(3) Daynin J. Roberts #37441
(4) Bryant Bonies #218687
(5) Ronald F. Brooks #294765
(6) Carlos Jackson #273677
(7) Lance Beam #450212
(8) John Robbs #126234
(9) Brandon Owens #501787
(10) Chris Rogers #308580
(11) Mark L. Jones #417267
(12) James Cauld #293676

: Signature of Plaintiff's :
(5)