IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(CLASS ACTION)

① JOHN C. JOHNSON       279192
② WILLIAM GREGORY       411406
③ DAYMIEN J. ROBERTS    374421
④ BAYANT BANKS          218687
⑤ RONALD F. BROOKS      294765
⑥ CARLOS JACKSON        273677
⑦ FENEL DAINE           450212
⑧ JOHN FOLKS            136234
⑨ BRANDON OWENS         501783
⑩ CHRIS ROGERS          308180
⑪ MICHAEL L. JONES      417267
⑫ JAMES CAULK           293676
(NAME OF PLAINTIFF)   (INMATE NUMBER)

Vs.

① CARL DANBERG
② RICK KEARNEY
③ PERRY PHELPS
④ MICHAEL COSTELLO
⑤ MICHAEL LITTLE
⑥ RONALD HOSTERMAN
(NAMES OF DEFENDANTS)

(CASE NUMBER)


FILED
AUG 22 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CLASS CERTIFICTION

## Memorandum of Law In Support of Motion For Class Certification

This motion states' grounds relating to the Pertinent alternative Paragraphs of Rule 23(b). The Motion, And the class action by Plaintiffs is brought Primarily under Rule 23(b)(3), the motion indicate that the requirements of Rule 23(a) are met And refered to Pertinent matters under Rule 23(b)(3), Stating that questions of law and fact common to the members of the members of the Plaintiff class Predominate over any questions affecting only individual members of the class, and that a class action is superior to other available methods for fair and efficient adjudication of the controversy between the members of the class and the defendant(s). Declarations should appear desirable for the supportive facts to the circumstances alleged in the complaint.

The many class members are illiterate or Poorly educated or have little access to lawyers which should weigh in favor of class certification. See... United States ex rel. Sero Vs. Preiser, 506 F.2d 1115, 1126 (2d Cir. 1974) cert. denied, 421 U.S. 931 (1975); Leyva Vs. Buley, 125 F.R.D 512, 513 (E.D. Wash. 1989). There is commonissues of law and fact as to all the class members, and the existence of some factual variations. See... Gomez Vs Illinois State Board of Education, 117 F.R.D. 394, 399 (N.D. Ill. 1987).

The claims of defenses of the representative Parties are typical of the fact that some class members might choose not to assert their rights does not mean that the named Plaintiffs' claims are not typical, nor does the existence of other factual variations. See... Hassine Vs. Jeffes, 846 F.2d 169, 177 (3d Cir. 1988)

The representative Parties must fairly and adequately Protect the interest of the class, which could be too complex for a Pro-se Prisoner to handle, that complexity ought to support appointment of counsel. See... Nilsson Vs. Coughlin, 670 F.Supp. 1186, 1191 (S.D.N.Y. 1987).

(2)

# MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION

• • • A class Action was brought on behalf of Delaware Correctional Center (DCC), inmates seeking declaratory and injunctive relief concerning conditions of confinement of a improper standard of an extensive "lockdown" with a cellmate (165 hours out of 168 hours a week locked in their cells with little out of the cell activity, which violated the Prisoners rights. See... Carver vs. Knox County. Tenn 753 F. Supp. 1370 (1989) also see. French vs. Owens 777 F.2d 1250 C.A.7 (Ind 1985).

• • • The misclassification of Prisoners resulted in overclassification of a substantial number Prisoners, Placed in maximum custody, when lesser degrees of custody would suffice, due to a discretional Point system strickening inmates of earned good time and synonamous to the harshness of double Jeopardy is a violation of the Prisoners rights. See... Hoptowit vs. Ray 682 F.2d 1237 C.A. wash (1982).

• • • Under the condition of confinement where inmates are forced to be locked down with cellmate fore 165 hours out of 168 hours a week. Where food is served cold which fill to be unwholesom, unsanitary and hazardess due to a toilet fixture three feet away from where the food come in the cell. All of which basic hygiene is a issue due to the extensive conditions of confinement and the Provision of basic cleaning supplies that are necessity of civilized life. Which resulted in Occasional violations of Prisoners constitutional rights under both the Eighth and Fourteenth Amendments. See... Dawson vs. Kendrick 527 F.Supp. 1252, 1289, (S.D.W. VA. 1981) also see... Jones vs. Metzger 456 F.2d 854, 855 (6th Cir. 1972).

• • • Some of the Delaware Correctional Center inmates are faced with no Physical access to the law library and they must identify and request legal materials that may or may not be provided to inmates in a timely manner. Which some inmates are incompetent to the law. And the Law Library only allows inmate to Posses five cases at a time, that must be returned for additional cases' which sould be more cases' to ensure meaningful access to the courts and resources adequate to Resent legal representation to the courts. See... 23 A.L.R. 4th 540.. Also see... Tillery vs. Owens 719 F.Supp. 1256, 1283, (W.D. 1989). The Book-Passing systems rarely run efficiently. Inmates lack the means and the ability to be Precise in their requests. Thus, it will often take several requests, before (inmates) target relevant case citations. See... Mann vs. Smith 879 F.Supp. 679 (E.D. Tex. 1995). also see. Cancel vs. Bradshaw, 840 F.Supp. 1382 (D.C. 1993). Inmate limited to a strict Book Passing system is not able to browse through materials in order to compare legal theories and formulate ideas. See... Griffin vs. Coughlin, 743 F. Supp. 1006, 1029 (N.D.N.Y. 1990).

(3)

# CERTIFICATE OF SERVICE

I, JOHN C. JOHNSON CLASS COUNSEL, Hereby cerify that I and the class have served a true and correct cop(ies) of the attached: <u>Class action complaint by a Prisoner Under Civil Birght ACT, 42 U.S.C. §1983</u> upon the following parties/person(s):

To: Clerk Office
U.S. District court
Lockbox 18
844 N. King Street
Wilmington, Del. 19801

To: Attorney General office
Deptment of Justice
Carvel State Building
820 N. French Street
Wilmington, Del. 19801

To: Carl Danberg
Commissioner's office
245 McKee Road.
Dover, Delaware 19904

To: Rick Kearney
Bureau Chief's office
245 McKee Road.
Dover, Delaware 19904

To: Perry Phelps
Warden's office
Delaware Correctional center
1181 Paddock Rodd
Smyrna, Delaware 19977.

To: Michael Costello
Security Superintendant
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977.

To: Michael Little
Legal Services Administrator
Delaware Correctional center
1181 Paddock Road
Smyrna, Delaware 19977.

To: Ronald Hosterman
Treatment Administrator
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977.

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, Delaware 19977.
ON THIS 21st. DAY OF August, 2008.

(1) John C. Johnson #279190  (2) William Gregry #411406  (3) Raymond Roberts #374471
(4) Baycoat Binks #218687  (5) Ronald F. Brooks #294765  (6) Carlos Jackson #273677
(7) Jerrie Baine #450212  (8) John Rolla #126234  (9) Brandon Owens #551783
(10) Chris Rogers #308180  (11) Michael L Jones #417767  (12) James Caulk #293676

: Signature of Plaintiff's :
(4)