IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM GREGORY and FENEL BAINE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. Action No. 08-539-GMS ) |
| CARL DANBERG, PERRY PHELPS, and MICHAEL COSTELLO, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

The plaintiff, William Gregory ("Gregory"), who appears *pro se*, is an inmate incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. Gregory is one of two plaintiffs remaining in the case. All other plaintiffs have been dismissed. (*See* D.I. 32, 48, 49, 70, 90.) On September 27, 2011 the court granted the defendants' motion for summary judgment and closed the case. (D.I. 102, 103.) Gregory filed a reply to the "motion to summary dismissed," construed by the court as a motion for reconsideration of the September 27, 2011 memorandum opinion and order. (D.I. 104.)

The standard for obtaining relief under Rule 59(e) is difficult for Gregory to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d

1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA,* 735 F.Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Gregory seeks reconsideration on the grounds that he has little knowledge of the law and is unable to argue the case in the manner as an attorney, he did not receive a copy of defendants' motion for summary judgment, and the defendants cite inapplicable law. In addition, Gregory argues the merits of his case.

The court has reviewed the court docket, taking particular note of the certificates of service attached to the defendants' motion for summary judgment and supporting memorandum. They indicate that both Gregory and co-plaintiff Fenel Baines were served with a copy of each, via State mail, on February 7, 2011. (*See* D.I. 100 at 3; D.I. 101 at 17.) Gregory's position that he did not receive a copy of the motion is not borne by the record. In addition, considering Gregory's position, the court finds that he has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's September 27, 2011 order granting the defendants' motion for summary judgment. For the above reasons, the court will deny the motion for reconsideration.

NOW THEREFORE, at Wilmington this 29th day of March, 2012, IT IS HEREBY ORDERED that the motion for reconsideration is **denied**. (D.I. 104.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE